### CAVE, Adm'r, v. WALL.

No. 28171.  April 12, 1938.

Charles Hill Johns and Harold Thweatt, for plaintiff in error.

W. R. Withington, for defendant in error.

DAVISON, J. This action was brought by Eugene Cave, administrator of the estate of B. F. Cave, deceased, against the defendant, Eddy Wall, to recover certain real estate and certain money, if unexpended, in the possession of the defendant, alleged to be the property of the estate of B. F. Cave, deceased.

The cause was tried to a jury, resulting in a verdict in favor of the defendant, and judgment was entered for the defendant. The plaintiff has appealed.

In the plaintiff's petition it is alleged, in substance, that shortly prior to the death of B. F. Cave, he was the owner of United States government bonds in the sum of $22,000 which were converted into cash shortly prior to the death of B. F. Cave; that the cash derived therefrom belonged to B. F. Cave and was converted in whole, or in part, into certain described real property located in Oklahoma City by the defendant, Eddy Wall, the daughter of the deceased; that while the property was purchased in the name of Eddy Wall, who now holds the same, in fact such property is held in trust for the estate of B. F. Cave, deceased. It is further alleged that the petitioner does not know how much of the $22,000 was invested in the purchase of the said real estate, but that the defendant has wrongfully and illegally converted the entire sum to her own personal use and benefit. It is alleged that the plaintiff is entitled to the possession of the balance of the $22,000, if any unexpended, and to the possession of the real estate which, it is alleged, was purchased with part of said money, and for which judgment was asked.

The defendant answered, denying generally, and further alleging that she is now and was at all times mentioned in the petition the absolute owner, both legal and equitable, of the property named in the petition, and that plaintiff has no right, title, or interest in the same.

It was stipulated and admitted that the defendant received from her father at one time the sum of $15,000 and at another time the sum of $7,000, and that of said sum approximately $10,000 was spent by the defendant in the purchase and improvements of the property described in plaintiff's petition.

Under the issues presented by the testimony, the only question presented to the jury to pass upon was whether or not the $22,000 was given as a gift from the father, B. F. Cave, to the defendant, who was his daughter, with whom he lived and had lived for seven years.

Witness Oliver P. Riner of Wellington, Kan., testified, in substance, that he had known deceased about 65 years, and that he knew the defendant, Eddy Wall; that in September, 1934, B. F. Cave and defendant visited his home in Kansas one afternoon and stayed overnight, leaving next day after lunch; that the deceased had a grip and told witness to take good care of it, that it was valuable; that witness placed the grip in the closet; that the next morning before the deceased left, he said he would show witness that the grip was valuable, and then got the grip and opened it; that deceased sat on one side of the table and witness on the other while the deceased counted the money, some $15,000; that the defendant came in soon thereafter and deceased handed her the money and told her that it was hers, to take care of it; that deceased stated he had allowed the others all he intended to allow.

Witness Mrs. A. B. Fortner, of Oklahoma City, testified, in substance, that she knew the deceased in his lifetime, and knew Mrs. Eddy Wall, the defendant, and had known them for some years; that the two families were good friends; that in September, 1934, the defendant and deceased visited the home of witness about 11 o'clock; that they drove in the driveway and witness went out to the car, and that both got out of the car, went into the house and visited a while, and finally deceased said:

" 'Eddy, do you want Mrs. Fortner to know about our business, do you? and Mrs. Wall then—I assume you want me to give all of this—and so, he taken it and she said. 'Yes,' and he taken out a handkerchief, pinned with safety pins and handed it to her and she unpinned it and in that there were money. Now, I didn't count the money. I don't know how much there was, but he said. or she said when she unpinned it. it was seven thousand dollars, and that's what he said and he told me that he was

giving that to her because that she was a cripple, and he wanted to see that she was cared for; he had intended using it for his own business, but he was too old to go in any kind of business any more and he was giving that to her for her own purposes and he wanted her to be well cared for, and he had did for his other heirs what he had felt was the right thing to do, and that was his conversation; they visited a little while; she took this money and put it in her bosom and they left." (C.-M. pp. 43-44.)

On redirect examination, witness testified that deceased said it was $7,000 and that when defendant counted it that is what she said it was; that deceased was worried over the defendant's crippled limb; that defendant had been sick and suffering with same for something like two years.

There was testimony on the part of the plaintiff by Mrs. Baldwin, relative to a time while she was staying with deceased when he received a letter with statement from the bank showing his balance to be one dollar, and that it made him nervous and that he said he should have $22,000 in the bank unless they had squandered it. This was supposed to be after the dates when the two alleged gifts of $15,000 and $7,000 were made to the defendant.

Witness Vivian Cochran testified that she was a nurse and waited upon deceased during his last illness; that deceased had told witness that he had given Gene, the grandson, and the others all he intended for them to have, and that the rest of his property he wanted to go to Eddy; that deceased had objected to Gene and his mother visiting deceased.

Other testimony introduced had very little bearing upon the issue before the jury. No testimony was introduced relative to the real estate admitted to have been purchased by defendant with the money given her by her father, further than the fact of the purchase.

The plaintiff contends that the trial court committed error in failing to properly instruct the jury on the question of defendant's burden to prove the gifts. The particular part objected to seems to be a portion of instruction No. 3, as follows:

"In this case the burden of proof is upon the defendant to prove by clear and convincing proof that this sum of $22,000 was given to her as an absolute gift. If the defendant has proved to your satisfaction that the $22,000 which she received was a gift from B. F. Cave, then, it would be your duty to return a verdict for the defendant; otherwise, your verdict would be for the plaintiff in the sum of $22,000."

The instruction properly placed the burden upon the defendant. The objection that this instruction failed to point out that there were two gifts, and that the jury might find that one gift was made and the other not, is entirely without merit, since the error in the instruction, if any, is against the interest of the defendant and not the plaintiff.

The plaintiff has discussed no other assignment of error.

The court is of the opinion that the plaintiff had a fair trial before a jury properly instructed by the court upon the issues presented, and that there is competent and undisputed testimony that reasonably tends to support the verdict of the jury.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, and GIBSON, JJ., concur.